UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRECE JEFFERSON, | 1:10-cv-01437-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| vs. | (Doc. 26.) |
| M. E. PALOMBO, | |
| Defendant. | |

## I.    BACKGROUND

Tyrece Jefferson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff filed the Complaint commencing this action on August 2, 2010.  (Doc. 1.)  This case now proceeds on the initial Complaint, against defendant Palombo ("Defendant"), for retaliation in violation of the First Amendment.  Id.

On November 16, 2012, Defendant filed a motion to dismiss for failure to exhaust administrative remedies.  (Doc. 13.)  On February 25, 2013, Plaintiff filed an opposition.  (Doc. 23.)  On March 7, 2013, Defendant filed a reply to the opposition.  (Doc. 24.)  Defendant's motion to dismiss is pending.

On March 22, 2013, Plaintiff filed a motion to compel.  (Doc. 26.)

///

## II.    PLAINTIFF'S MOTION

Plaintiff seeks a court order compelling officials at Kern Valley State Prison (KVSP) to provide Plaintiff with a copy of the incoming and outgoing legal mail logs from February 5, 2009 to March 18, 2009.  Plaintiff seeks this documentation to show that he resubmitted his 602 appeal to the third level of review at KVSP, as evidence that he attempted to exhaust his administrative remedies before filing suit.

To the extent that Plaintiff seeks to compel production of documents from Defendant Palombo, plaintiff's motion is premature.  The discovery phase of this litigation is not yet open. Plaintiff is directed to paragraph eight of the court's First Informational Order, filed on May 24, 2010.  (Doc. 2 at 4 ¶8.)  In that order, plaintiff was specifically informed that he may not conduct discovery until defendants file an answer and the court issues the discovery order.

To the extent that Plaintiff seeks a preliminary injunction requiring prison officials at KVSP to provide a copy of the mail log, the Court lacks jurisdiction to issue the order Plaintiff requests.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

To the extent that Plaintiff seeks evidence in support of his opposition to Defendant's motion to dismiss, the time for submission of such evidence has expired.  Local Rule 230(l). Defendant's motion to dismiss is deemed submitted to the Court, and no further opposition shall be accepted for consideration.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on March 22, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **May 9, 2013**                 **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE