UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRECE JEFFERSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>M. E. PALOMBO, et al.,<br><br>    Defendants. | 1:10-cv-01437-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT PALOMBO'S MOTION TO DISMISS FOR FAILURE TO EXHAUST, WITHOUT PREJUDICE<br>(Doc. 13.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.   BACKGROUND**

Tyrece Jefferson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the original Complaint, filed by Plaintiff on August 2, 2010, against defendant Correctional Officer M. E. Palombo ("Defendant"), on Plaintiff's claims for use of excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (Doc. 1.)

On November 16, 2012, Defendant filed a motion to dismiss for failure to exhaust administrative remedies. (Doc. 13.) On February 25, 2013, Plaintiff filed an opposition to the motion.[1] (Doc. 23.) On March 7, 2013, Defendant filed a reply to Plaintiff's opposition.[2]

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion by the court on June 4, 2012. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). (Doc. 9-1.) On November 21, 2012, the same date Defendant filed the motion to dismiss, Defendant provided Plaintiff with another notice of the requirements for opposing an unenumerated Rule 12(b) motion, pursuant to Wyatt. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012). (Doc. 33-1.)

[2] On March 7, 2013, Defendant requested an extension of time nunc pro tunc to file the reply. (Doc. 24 at 3.) On March 22, 2013, Plaintiff filed an opposition to the request. (Doc. 25.) After consideration of the parties' arguments, the court finds good cause to grant the extension of time. Fed. R. Civ. P. 6(b). Therefore, Defendant's reply, filed on March 7, 2013, is deemed timely filed.

(Doc. 24.)  On March 22, 2013, Plaintiff filed a surreply.  (Doc. 25 at 3.)  Defendant's motion to dismiss is now before the Court.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is presently incarcerated at the Corcoran State Prison in Corcoran, California. The events at issue in the Complaint occurred at Kern Valley State Prison in Delano, California, when Plaintiff was incarcerated there.  Plaintiff's factual allegations follow.

On December 2, 2008, Plaintiff was working as a porter and approached C/O Palombo to ask for gloves to perform his work detail.  Palombo advised Plaintiff that he was not working that day.  Plaintiff asked for an explanation.  Palombo told Plaintiff to lock up. Plaintiff asked to speak to the sergeant.  Palombo "became belligerent" and told Plaintiff to get on the floor. Plaintiff further alleges that:

> As I was complying with his order, C/O Palombo pulled out a canister of MK-9 O.C. pepperspray and began to spray me in my head and facial area.  Then I was placed in handcuffs and peppersprayed again and yanked around by C/O Palombo while I was on the floor and unable to cover my face.  I was placed in Administrative Segregation (Ad-Seg).  C/O Palombo inventoried my personal property and confiscated my T.V. and did not return it, because while I was in Ad-Seg, I filed an inmate grievance against him.  Based on the fact that I filed the I/m appeal on C/O Palombo, he classified me as a snitch and had other inmates to attack me.  (Compl. 6:14-22).

Plaintiff was released from Ad-Seg on December 20, 2008.  Plaintiff alleges that in February of 2009, C/O Palombo told Plaintiff's cellmate that Plaintiff was a snitch.  As a result, Plaintiff was attacked by his cellmate. Plaintiff alleges that "as a result of the attack by my cellmate, two of my bottom front teeth was (*sic*) knocked out.  The force from the blow caused my bottom teeth to go through my bottom lip, puncturing a hole clear through my bottom lip, leaving a permanent scar."  (Id., 7:9-13).  Plaintiff was also punched over his right eye, leaving a permanent scar over his eyebrow.

## III. MOTION TO DISMISS FOR FAILURE TO EXHAUST

### A. <u>Statutory Exhaustion Requirement</u>

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

2

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a)(2009). In 2009, prisoners were required to submit appeals within fifteen calendar days of the event being appealed or of receiving an unacceptable lower level appeal decision. Id. at § 3084.6(c)(2009). Three formal levels of appeal are involved, including the first level, second level, and third level. Id. at § 3084.5(2009). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

///

### B. **Defendant's Motion**

Defendant moves to dismiss this action on the ground that Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against Defendant. Defendant provides evidence that between December 2, 2008 and August 2, 2010, Plaintiff had no appeals accepted for third level review. (Decl. of J. D. Lozano, Doc. 13-2 at 2 ¶¶6,7 and Exh. A.) On February 6, 2009, one of Plaintiff's appeals was screened out at the third level for missing documentation. (Id. at ¶7 and Exh. A.) Plaintiff stated that he waited over a year before sending a letter to the third level to ask the status of that appeal, and received a response dated May 6, 2010 from the Chief of the Inmate Appeals Branch stating that too much time had elapsed since his appeal was screened out. (Complaint, Doc. 1 at 3A and Exh. B.) A copy of the original rejection letter screening out his appeal was attached to this letter. (Id.)

### C. **Plaintiff's Opposition**

The Court looks to Plaintiff's opposition filed on February 25, 2013, surreply filed on March 22, 2013, and Complaint filed on August 2, 2010.[3] (Docs. 1, 23, 25.)

In the Complaint, Plaintiff asserts that his efforts to exhaust his administrative remedies were impeded at the third level. (Complaint, Doc. 1 at 3A.) Plaintiff asserts that he submitted a 602 appeal to the third level of review on February 2, 2009, but never received a response. (Id.) After patiently waiting for more than a year, Plaintiff submitted an inquiry to the third level on April 19, 2010, inquiring about the appeal. (Id. and Exhs. A,B.) On or about May 10, 2010, Plaintiff received a response to his inquiry, informing him that the appeal had been rejected at the third level on February 6, 2009 because he failed to sign and date the appeal. (Id. and Exh. B.) Plaintiff claims he never received a February 6, 2009 rejection letter, and notes that the copy of the rejection letter subsequently mailed to him is dated May 11, 2010. (Id.)

---

[3] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the Complaint under penalty of perjury and it therefore contains admissible evidence. Plaintiff's opposition filed on February 25, 2013, and surreply filed on March 22, 2013, were not signed under penalty of perjury and therefore do not contain admissible evidence.

In his opposition and surreply, Plaintiff argues that because he attempted to complete the appeals process but was impeded at the third level, he exhausted the remedies available to him. Plaintiff also argues that because there is conflicting documentation as to the reason his appeal was rejected – "missing documentation" and "failure to date and sign the appeal" – he should receive the benefit of the doubt. Plaintiff states that "[v]oluminous documentation exists of plaintiff's diligent efforts towards 1997(e) compliance." (Opp'n, Doc. 23 at 5.)

### D. **Defendant's Reply**

Defendant replies that the two reasons given for the rejection of Plaintiff's appeal-- missing documentation and failure to date and sign the appeal -- are not inconsistent, because they both reflect that something was missing in Plaintiff's documentation.

### E. **Discussion**

Defendant has shown an absence of records of any appeal by Plaintiff accepted for review at the third level of review between December 2, 2008, the date of the first incident at issue in the Complaint, and August 2, 2010, the date Plaintiff filed the Complaint. (Lozano Decl., Doc. 13-2 ¶6, Exh. A.) Defendant's evidence shows that the only appeal submitted by Plaintiff to the third level during that time period was submitted on February 2, 2009, and was screened out on February 6, 2009 for "Missing Documentation." (Id., Exh. A.)

However, a third level response is not necessary to satisfy the exhaustion requirement and the mere absence of a third level response does not entitle Defendant to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available"). As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The question now is whether Plaintiff exhausted all of the remedies that were made available to him.

///

Plaintiff argues that he was impeded at the third level of review because he never received a response to his appeal. In Sapp v. Kimbrell, the Ninth Circuit used a two-step approach to demonstrate improper screening which renders administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823(9th Cir. 2010). Under Sapp, "[t]he inmate must establish (1) that he actually submitted a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 824.

Despite Plaintiff's statement that "[v]oluminous documentation exists of plaintiff's diligent efforts towards 1997(e) compliance," (Opp'n, Doc. 23 at 5.), Plaintiff has not submitted evidence of any grievance or appeal concerning his allegations or claims in this action. Plaintiff argues that his efforts to exhaust remedies were impeded because he never received notice from the third level that his February 2, 2009 appeal had been rejected, but Plaintiff has not established that this appeal concerned either the excessive force incident against him on December 2, 2008 or Defendant's subsequent alleged retaliatory acts. Plaintiff has not submitted a copy of the appeal or described the content of his grievance against defendant Palombo. The PLRA's exhaustion requirement is intended to give "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 549 U.S. at 204. A grievance does not suffice to exhaust a claim if it does not put the prison on adequate notice of the problem for which the prisoner seeks redress. See Sapp 623 F.3d at 824. Plaintiff has not shown that the appeal submitted to the third level on February 2, 2009 would have put Defendant or prison officials on notice of his claim against defendant Palombo if it had been successfully completed through the third level.

Even if Plaintiff could show that his February 2, 2009 appeal was sufficient to exhaust his remedies, and could prove that he did not receive a timely response, Plaintiff has not explained why he waited more than a year to follow up. Such inaction does not show diligence in attempting to complete the appeals process in a timely manner.

///

Based on the foregoing, Plaintiff has not shown that he exhausted his remedies using the process required by the CDCR, or that he exhausted all of the remedies made available to him.

## IV.    CONCLUSION AND RECOMMENDATION

Defendant Palombo has met his burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a).  Defendant has shown evidence that Plaintiff failed to exhaust his remedies by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against Defendant in this action.  Plaintiff has not shown that he exhausted all the remedies available to him.  Therefore, Defendant is entitled to dismissal of this action, and the motion to dismiss should be granted.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendant Palombo's motion to dismiss for failure to exhaust remedies, filed on November 16, 2012, be GRANTED, and this action be DISMISSED without prejudice.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 27, 2013**                        **/s/ Gary S. Austin**

                                    UNITED STATES MAGISTRATE JUDGE